UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MORENO,<br><br>    Plaintiff,<br><br>v.<br><br>J. BURNES, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00065-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF NOS. 3 & 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

      William Moreno ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the complaint commencing this action on January 14, 2020. (ECF No. 1). On April 23, 2020, the Court screened Plaintiff's complaint and found that it stated a cognizable claim. (ECF No. 9). The Court gave Plaintiff thirty days from the date of service of the order to either: "a. File a First Amended Complaint, which the Court will screen in due course; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendants W. Cervantes, E. Cerda, and Unidentified Officer; or c. Notify the Court in writing that he does not want to go forward on only the claim found cognizable by this order or file an amended complaint, in which case the Court will issue findings and

recommendations to a district judge consistent with this order." (Id. at 8-9).

On May 4, 2020, the copy of the screening order that was mailed to Plaintiff was returned as undeliverable.

The thirty-day period Plaintiff had to respond to the screening order has expired, and Plaintiff has not responded to the screening order. Additionally, Plaintiff failed to keep the Court informed of his current address, as required by Local Rule 183(b)[1] and the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 3, p. 5). Accordingly, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with court orders and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Plaintiff has failed to respond to the Court's screening order and to keep the Court informed of his current address. These failures are delaying this case and interfering with docket management. Therefore, the second

---

[1] Local Rule 183(b) states: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to respond to the Court's screening order and to keep the Court informed of his current address that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use.  And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

(9th Cir. 1991)).

    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **July 24, 2020**          /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE